# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Erik Becerra,** | Civil No. 08-5358 (JMR/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Jessica Symmes, et al.,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on the defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 46). Plaintiff Erik Becerra is proceeding on his own behalf. The defendants are represented by Margaret E. Jacot, Minnesota Assistant Attorney General. The defendants' motion is referred to the undersigned for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1.

Mr. Becerra is currently incarcerated in Minnesota state prisons; the five defendants are officials in the Minnesota Department of Corrections. Briefly put, Mr. Becerra alleges that the defendants obstructed his access to the courts, by limiting the availability of office supplies or by interfering with his use of the mail. He brings action pursuant to 42 U.S.C. § 1983, asserting that the defendants violated various provisions in the U.S. Constitution, and further contends that the defendants also violated the Minnesota Constitution.

The defendants now move to dismiss, or in the alternative, for summary judgment. They argue, among other matters, that Mr. Becerra failed to exhaust his administrative remedies under the Prisoner Litigation Reform Act (PLRA). This affirmative defense requires the defendants to

prove that Mr. Becerra did not exhaust his administrative remedies. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001).

In accordance with the pretrial scheduling order in this matter, Mr. Becerra was required to respond to the defendants' motion in October 2009. He did not do so, and for that matter, he has not taken further action to prosecute this lawsuit since the defendants filed their motion. For these reasons, the defendants' motion is unopposed.

The threshold issue here is the relevant standard of review. On a motion to dismiss for failure to state a claim, only the pleadings are considered. But here the defendants advance an affirmative defense, and because this defense requires proof beyond the pleadings, it is properly decided pursuant to the procedures for summary judgment. *Cf. Casazza v. Kiser*, 313 F.3d 414, 417-18 (8th Cir. 2002) (ruling that a court has discretion, where evidence beyond the pleadings is submitted, to convert a motion to dismiss into one for summary judgment).

Mr. Becerra has ample notice that the defendants are seeking summary judgment, and as a result, there are no concerns with applying the standard for summary judgment here. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (observing that, when deciding whether to convert a motion to dismiss into one for summary judgment, a court looks at whether the nonmoving party has an adequate opportunity to response and make a record opposing summary judgment).

Under this standard, the moving party must establish that there are no issues of material fact and that it is entitled to a judgment as a matter of law. *DG&G, Inc. v. Flexsol Packaging Corp.*, 576 F.3d 820, 823 (8th Cir. 2009). If the record lacks sufficient evidence for a reasonable juror to return a verdict for the nonmoving party, then there is no issue of material fact. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006). This requires a court

to take all reasonable inferences in favor of the nonmoving party. *Singletary v. Missouri Dep't of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).

Turning to the merits of the exhaustion defense, the PLRA provides in relevant part,

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). So where a prisoner fails to pursue grievance procedures at a prison, and has not lodged any grievances in accordance with prison regulations, the prisoner cannot obtain relief on such matters in federal courts. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

Where the record shows that a prisoner has knowledge of grievance procedures but that the prisoner has not used them, and there is no evidence that prison officials impeded or violated the procedures, there is enough proof to grant summary judgment for failure to exhaust. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

In the complaint, Mr. Becerra contends that since May 2008, the defendants engaged in conduct that inhibited his access to the courts. But the defendants have shown, and Mr. Becerra has not contested, that he did not lodge grievances regarding this purported conduct. The record shows that, since May 2008, Mr. Becerra has filed three grievances with prison officials. None of the grievances mention access to the courts, to the mail or the telephone, or to legal supplies or resources. (*See generally* Aff. of K. Ebeling & Exhs., Sept. 10, 2009 [Doc. No. 48].)

This undisputed record, even when taken with all reasonable inferences in favor of Mr. Becerra, establishes that he failed to exhaust his administrative remedies in accordance with the PLRA. Due to this failure to exhaust, the defendants are entitled to summary judgment against all the federal claims in this litigation.

Taking a liberal view of the complaint, it appears Mr. Becerra may have also presented claims under state law, for purported violations of the Minnesota Constitution. These claims are not subject to the exhaustion requirement under the PLRA. *See generally* 42 U.S.C. § 1997e(a) (stating that "[n]o action shall be brought . . . under section 1983, or any other Federal law" until administrative remedies are exhausted). In recognition of this concern, the defendants argue that this federal court should decline supplemental jurisdiction over any remaining state-law claims.

Subject matter jurisdiction in this matter is founded on a federal question, and therefore, the state-law claims fall within the supplemental jurisdiction of this federal court. *See generally* 28 U.S.C. § 1367. Once a federal court dismisses all claims that formed the basis for its original jurisdiction, it has discretion to decline supplemental jurisdiction over the remaining claims. *See, e.g., Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

This is equally applicable in prisoner litigation; if all federal claims are dismissed, then a court may decline jurisdiction over any remaining state-law claims. *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005). That course is recommended here. Because the defendants' motion is soundly granted under the PLRA and principles of supplemental jurisdiction, there is no need to consider the defendants' other arguments.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 46) is **GRANTED.**

2. All federal claims be **DISMISSED WITH PREJUDICE** and, to the extent Mr. Becerra pleaded any state-law claims, those claims be **DISMISSED WITHOUT PREJUDICE.**

3. This litigation be closed and judgment entered.

Dated this 5th day of January, 2010.          /s    *Jeanne J. Graham*

                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **January 20, 2010**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.